# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cr-00219 |
| ) | CHIEF JUDGE CRENSHAW |
| MIGUEL ROBINSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is Miguel Robinson's Motion for an Evidentiary Hearing, pursuant to United States v. Leon, 468 U.S. 897 (1984). (Doc. No. 52.) The Court previously denied Robinson's Motion to Suppress based on Leon's good faith exception. (Doc. No. 35.) Robinson now wishes to reopen the motion to suppress to prove that Detective Harrison Nearn was "dishonest or reckless in preparing [his] affidavit" in support of his application to obtain a search warrant. (Doc. No. 52 (quoting Leon, 468 U.S. at 926)). For the following reasons, Robinson's Motion is **DENIED**.

Courts should be "extremely reluctant" to reopen suppression hearings. United States v. Stennis, 457 Fed. Appx. 494, 502 (6th Cir. Jan. 26, 2012) (quoting United States v. Carter, 374 F.3d 399, 405 (6th Cir. 2004)). The party seeking to reopen "must provide a reasonable explanation for failing to present the evidence initially." United States v. White, 455 Fed. Appx. 647, 651 (6th Cir. Jan. 12, 2012) (citing Carter, 374 F.3d at 405). Then the Court may consider "the timeliness of the motion, the character of the testimony, the effect of granting the motion, and whether the opposing party will be prejudiced by reopening the hearing." Id. (citing United States v. Blankenship, 775 F.2d 735, 741 (6th Cir. 1985)).

In Robinson's statement of "most relevant facts and new evidence," Robinson only presents two pieces of evidence that the Court did not consider initially. (Doc. No. 52 at 1.) First, the fact that Nearn's Affidavit stated that Robinson "has previous charges for criminal homicide," but the prosecution dismissed those charges. (Doc. No. 54-1 at 7-8.) Instead, Robinson pleaded guilty to reckless endangerment with a deadly weapon. (Id. at 8.) Second, that the confidential informant ("Informant") made the controlled purchases from Robinson in exchange for leniency in a pending case. (Doc. No. 52 at 5.) Robinson argues, for the first time, that these two facts in addition to the other minor inconsistencies noted both in his brief (Doc. No. 52 at 1-5) and the Court's previous Memorandum and Order (Doc. No. 35 at 1-4) prove that Nearn was "dishonest or reckless in preparing [his] affidavit," so the Leon good faith exception does not apply.

Robinson is not entitled to relief because he has not presented a reasonable explanation, as to why he did not present this evidence or these arguments on the initial motion to suppress. Without such an explanation, the Court cannot reopen the suppression motion or grant Robinson a hearing. See Stennis, 457 Fed. Appx. at 502 ("[T]he court should insist at least that the moving party provide a reasonable and adequate explanation for failing to put forth its evidence in the original proceeding.") (citing United States v. Kithcart, 218 F.3d 213, 220 (3d Cir. 2000)). Accordingly, the motion for an evidentiary hearing on the Court's Leon ruling is denied.

Even if the Court were to reopen the hearing, none of Robinson's averrments make the Court question whether Nearn was "dishonest or reckless." Specifically, as the Court noted in its original Memorandum and Order, Nearn's Affidavit established that Robinson was a drug dealer and he lived at 1806B 5th Avenue North, Nashville, Tennessee. (Doc. No. 35 at 9.) This information is still unchallenged. While Robinson claims that the Informant received leniency, there is still no proof that the Informant was not reliable. And even if Nearn did not follow

Robinson home after the second controlled purchase, he still had sufficient evidence to establish Robinson in fact lived at the 1806B address, including the undisputed evidence that officers followed Robinson home after the third controlled purchase. There is no reason to believe Nearn was "dishonest or reckless" in swearing out his affidavit before the Magistrate, so even if the Court reopened the motion to suppress, it would deny an evidentiary hearing.

For the foregoing reasons, Robinson's Motion for a Hearing (Doc. No. 52) is **DENEID**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE